By the Court.—Curtis, Ch. J.
The complaint states three causes of action, which are separately stated, and at the end, the plaintiff asks judgment for his damages, in the premises, to the amount of $20,000. The defendant is charged with tortious acts and negligence, causing personal injury to the plaintiff. At the trial, the plaintiff introduced testimony showing that, on the afternoon of October 3, 1877, being then twelve years old, fearing he would be late in getting home, he jumped on one of the defendant’s cars going down town, about the corner of Fifteenth street, having in his hands the money to pay his fare and intending to pay it ; that after the car had proceeded two blocks, the conductor came from the inside of the car, and a boy, who had got upon the car, put his hand to his nose and jumped off; that thereupon the conductor, without asking plaintiff for his fare, or giving him an opportunity to pay it, and without stopping the car, threw plaintiff off from it; that plaintiff fell upon the defendant’s up-track, about four feet distant, and another of the defendant’s cars, coming on the up-track, the brakes being out of order, so it could not be stopped, passed partially over the plaintiff, breaking his collarbone so that it protruded from the skin, alsoliis second and third ribs, the right arm near the shoulder in four or five pieces, the small bone of the left arih at the wrist, the thigh joint between the middle and upper third, and causing, in addition, great contusions and abrasions, and permanently injuring him and deforming him.
On the part of the defendant, the conductor of the *213 car testified that he could not recognize the plaintiff, but that a boy put his hand to his nose and jumped off that afternoon, but that he did not push or kick any boy. There was testimony that the brakes of the uptown car were in good order.
The testimony of the plaintiff as to his being thrown from the car was corroborated by two witnesses.
The court, in substance, charged the jury, that they must be satisfied by the plaintiff that his injuries were the result of the defendant’s negligence, exclusive of any other primary cause; that the case turned upon the question, whether the defendant had incurred any liability, by reason of the acts of the conductor of the down car ; that if the plaintiff went upon the defendant’s car to steal a ride, he was a trespasser, and if being such and on the approach of the conductor he jumped off, it was their duty to render a verdict for the defendant ; and if they came to the conclusion the plaintiff was thrown off as described by him, before they render a verdict for the plaintiff they must be satisfied that such throwing off occurred in the course of the conductor’s employment as such ; that if the conductor went outside of his employment and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly threw the plaintiff off, the defendant is not liable.
The court also charged that if the conductor “acted neither maliciously nor with the view to effect some purpose of his own, but within the general scope of his employment, while engaged in defendant’s business, and with a view to the furtherance of that business and the defendant’s interest, believing, upon the appearance before him and upon which he had .to exercise his judgment, that his duty to the defendant required him to act, then the defendant is responsible for the manner in which he acted and the con *214 sequences of Ms act, though he may have acted in excess of his real authority.”
The exceptions to the charge, as contained in the case, are somewhat general, but the exceptions to the charge as presented, on the defendants’ points and discussed upon the argument of the appeal, are chiefly to the last preceding paragraph of the charge.
This portion of the charge excepted to is in conformity to the principles sustained in the court of appeals (Bounds v. Del. R. R. Co., 64 N. Y. 136; Jackson v. Second Av. R. R. Co., 47 Id. 274; Mott v. Consumers’ Ice Co., 73 Id. 543).
The defendant carried passengers only for hire ; and it was the right and duty of the conductor to refuse to receive a passenger who would not pay his fare, and to remove him when upon the car, if he refused to pay it; and the defendant is liable for the manner in which the conductor performs such duty if he acts under a mistake of judgment (Hoffman v. N. Y. Central & H. R. R. R. Co., 12 J. & S. 1).
The defendant claims that the verdict is irreconcilable with the pleadings; that each cause of action ends with a statement “ to his damage $10,000.” The controlling claim in respect to damages is at the close of the complaint, where the plaintiff prays judgment for his damages in the premises, to the amount of $20,000. This is sufficient to sustain, if otherwise tenable, the verdict of $15,000, even though the plaintiff in the three various classifications of his injuries in the complaint, uses the words “to his damage $10,000,” which, in view of the prayer for judgment for his damages, are in effect surplusage.
A witness, Francis Bielly, was recalled by the defendant, and asked if he had ever conversed with one Plass, about getting him to say that his brakes were out of order, in order to fix the company with a liability. The witness testified he did not know Plass *215 and never conversed with any one on such a subject. The defendant, to show malice and ill-feeling on the part of Reilly, called Plass, and offered to prove that upon another and previous occasion Reilly endeavored to procure the witness, Plass, to make a full statement in regard to the condition of a car on this road, for the proposed purpose of fixing the liability upon the company, he having been discharged from its employment. This was excluded and the defendant excepted. This offer was made to contradict the testimony of the witness Reilly, who had been recalled by the defendant. It proposed to show Reilly had asked him to tell a lie about his brakes, to injure the company. The issue presented was foreign to the issues before the jury. Viewing the case as a whole, there is no reason for believing that this exclusion was injurious to the defendant, or that the court erred in the exercise of a proper discretion, or in law, by excluding the offer of the defendant, to contradict the witness it recalled and examined.
The number and severity of the plaintiff’s injuries, the pain, deformity and inability consequent upon them, as shown by the medical testimony, were of such a character that the verdict, though large in amount, should not be set aside on the ground that it is excessive.
The judgment and order appealed from should be affirmed, with costs.
Sedgwick, J., concurred.